IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY LEE JOHNSON,

       Plaintiff,              No. CIV. S-09-3275 MCE GGH PS

   vs.

ROBERT G. BERNSTEIN,

       Defendant.        <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff, a former state prisoner proceeding pro se, has filed an action together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).  After plaintiff initiated this action, he was released from Solano County Jail. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11 "The pleading must contain something more...than...a statement of facts that merely creates a

12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17 the court to draw the reasonable inference that the defendant is liable for the misconduct

18 alleged."  Id.

19    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24    The court is unable to determine a jurisdictional basis for this action.  A federal

25 court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

26 Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114

1  S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United
2  States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from
3  time to time ordain and establish." Congress therefore confers jurisdiction upon federal district
4  courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-
5  99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time
6  by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93
7  F.3d 593, 594-95 (9th Cir. 1996).

8       The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
9  question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject
10  matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.
11  Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible
12  assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.
13  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as
14  to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v.
15  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

16       For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
17  diverse from each defendant, and the amount in controversy must exceed $75,000. For federal
18  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
19  federal law or the United States Constitution, (2) allege a "case or controversy" within the
20  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr,
21  369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

22       The complaint alleges that defendant Bernstein, plaintiff's former defense
23  attorney, was ineffective in representing him in his criminal trial. The allegations in the
24  complaint assert a claim for negligence only, which does not implicate federal law. Although
25  plaintiff refers to a Sixth Amendment violation, the entirety of his complaint alleges failures
26  which might amount to malpractice only, but do not implicate any federal violations. He seeks

3

1   damages for defendant's deficient representation, and an injunction preventing this attorney from

2   duping future clients.

3          Simple reference to federal law does not create subject-matter jurisdiction. Avitts

4   v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only

5   by pleading a cause of action within the court's original jurisdiction.  Id.  None of these matters

6   states a federal claim.  It is plaintiff's obligation to state the basis of the court's jurisdiction in the

7   complaint, and plaintiff has not done so.

8          Furthermore, although plaintiff seeks $1 million in damages, he and the defendant

9   are not diverse.  Both parties are residents of California.  Therefore, plaintiff is informed that his

10  best course of action is to proceed in state court.

11         In accordance with the above, IT IS HEREBY RECOMMENDED that this action

12  be dismissed for lack of subject matter jurisdiction.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

15  fourteen (14) days after being served with these findings and recommendations, plaintiff may file

16  written objections with the court and serve a copy on all parties.  Such a document should be

17  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

18  advised that failure to file objections within the specified time may waive the right to appeal the

19  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: April 29, 2010

21                      /s/ Gregory G. Hollows

22                      _____
                        GREGORY G. HOLLOWS
                        UNITED STATES MAGISTRATE JUDGE
23  GGH:076/Johnson3275.fr.wpd

24

25

26

4